'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KENNA, an individual, <br><br>              Plaintiff, <br><br>       v. <br><br> LIVEAUCTIONEERS, Inc., et al., <br><br>              Defendant. | CV 21-05862-RSWL-AGRx <br><br> **ORDER re: MOTION FOR DEFAULT JUDGMENT** [42] |

Plaintiff Michael Kenna initiated this Action against Defendants Liveauctioneers, Inc., Live Auctioneers, LLC, and Black River Auction, LLC alleging copyright infringement and vicarious and/contributory copyright infringement.[1]

Currently before the Court is Plaintiff's Motion for Default Judgment against Defendant Black River

---

[1] Both Liveauctioneers, Inc. and Live Auctioneers, LLC were, upon stipulation, dismissed with prejudice from this Action.  ECF No. 40.

1

Auction, LLC on the copyright infringement claim ("Motion") [42].  Having reviewed all papers submitted pertaining to the Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** the Motion.

**I.  BACKGROUND**

**A.  Factual Background**

The Complaint alleges:

Plaintiff Michael Kenna ("Plaintiff") is an individual residing in Seattle, Washington.  Compl. ¶ 4, ECF No. 1.  Plaintiff is an accomplished and acclaimed photographer known for his black and white landscapes. Id. ¶ 9.  Plaintiff is the sole owner of original photographs (the "Subject Photographs") that are registered with the United States Copyright Office under registration numbers: VA0002251320, VA0002246059, VA0002238659, and TX0004141083.  Id. ¶ 10.  Plaintiff's prints retail from $2,500.00 to $15,000.00 from authorized galleries.  See generally Decl. of Michael Kenna ("Kenna Decl.") ¶ 4, ECF No. 42-1.

Black River Auction, LLC ("Defendant") is a New Jersey company who infringed on Plaintiff's copyrighted works.  See Compl. ¶¶ 7-8; ECF No. 12.  Defendant infringed on Plaintiff's Subject Photographs without his consent by selling fourteen of them for $861 on Live Auctioneers, LLC's website.  Compl. ¶ 12; Pl.'s Mot. for Default J. ("Mot."), Ex. B, ECF No. 42-3.  Defendant viewed Plaintiff's Subject Photographs and then identically copied them to sell online.  Id. ¶ 14.

1  Plaintiff is entitled to disgorgement of Defendant's
2  profits attributed to the Subject Photographs.  Id. ¶
3  18.

4  **B.   Procedural Background**

5      On July 20, 2021, Plaintiff filed its Complaint
6  alleging a claim for copyright infringement and
7  vicarious and/or contributory copyright infringement.[2]  On
8  July 28, 2022, Plaintiff amended its Complaint by
9  replacing the fictitious name DOE 1 with the true name
10 Black River Auction, LLC.  ECF No. 12.

11     On March 4, 2022, Plaintiff served Defendant by
12 leaving the Summons at Defendant's residence with
13 someone of suitable age and discretion who resided at
14 the residence.  POF, ECF No. 28.  Defendant had until
15 March 25, 2022, to answer the Complaint.  Id.  Defendant
16 did not answer or otherwise respond to the Complaint by
17 March 25, 2022.  Pursuant to Plaintiff's request, the
18 Clerk entered default as to Defendant on May 24, 2022,
19 per Federal Rules of Civil Procedure 55(a).  ECF No. 38.
20 Defendants Live Auctioneers, LLC. and Liveauctioneers,
21 Inc. were dismissed by stipulation.  ECF No. 39.  On
22 September 6, 2022, Plaintiff filed the instant Motion
23 for Default Judgment.  ECF No. 42.  On the same day
24 September 6, 2022, Plaintiff served Defendant with
25 notice of the entry of default judgment and notice of

26

27     [2] Plaintiff requests the court enter default against
Defendant as to Plaintiff's copyright infringement claim.  Pl.'s
28 Mot. for Default J. ("Mot.") 1:3-4, ECF No. 42.

the Motion.  See Mot. iii:1-3.  Defendant did not file an Opposition.  Plaintiff seeks the following damages: statutory damages totaling $150,000; costs incurred in the litigation totaling $750.01; and attorneys' fees totaling $6,600.  Id. at ii:19-26.

## II.   DISCUSSION

**A.   Legal Standard**

The granting of default judgment is within the discretion of the district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); see Fed. R. Civ. P. 55. Procedural and substantive requirements must be satisfied.

Procedurally, the requirements set forth in Federal Rules of Civil Procedure ("FRCP" or "Rule") 54(c) and 55(b), and Local Rule 55-1 must be met.  See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1006 (C.D. Cal 2014).  Local Rule 55-1 provides:

When an application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with F.R.Civ.P. 55(b)(1) and/or (2) and include the following: (a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

4

1      (d) That the Service Members Civil Relief Act,

2      50 U.S.C. App. § 521, does not apply; and (e)

3      That notice has been served on the defaulting

4      party, if required by F.R.Civ.P. 55(b)(2).

5  L.R. 55-1.

6      Courts should also consider the following factors

7  in determining whether to grant a motion for default

8  judgment: "(1) the possibility of prejudice to

9  plaintiff, (2) the merits of plaintiff's substantive

10 claims, (3) the sufficiency of the complaint, (4) the

11 sum of money at stake in the action, (5) the possibility

12 of a dispute concerning the material facts, (6) whether

13 defendant's default was the product of excusable

14 neglect, and (7) the strong public policy favoring

15 decisions on the merits." Eitel v. McCool, 782 F.2d

16 1470, 1471-72 (9th Cir. 1986).

17     If the court determines that the defendant is in

18 default, "'the factual allegations of the complaint,

19 other than those relating to damages, are taken as

20 true.'" Televideo Sys., Inc. v. Heidenthal, 826 F.2d

21 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United

22 Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

23 Additionally, "[w]hen entry of judgment is sought

24 against a party who has failed to plead or otherwise

25 defend, a district court has an affirmative duty to look

26 into its jurisdiction over both the subject matter and

27 the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir.

28 1999).

1    If the Court determines that the allegations in the
2    complaint are sufficient to establish liability, the
3    plaintiff must provide proof of all damages sought in
4    the complaint, and the Court must determine the "amount
5    and character" of the relief that should be awarded.
6    Vogel, 992 F. Supp. 2d at 1005-06 (citations omitted).
7    "A default judgment must not differ in kind from, or
8    exceed in amount, what is demanded in the pleadings."
9    Fed. R. Civ. P. 54(c).

10   **B.   Discussion**
11        1.   Jurisdiction and Service of Process
12             a.   *Subject Matter Jurisdiction*
13        In considering whether to enter default judgment,
14   the Court first determines whether it has jurisdiction
15   over the subject matter and the parties.  See In re
16   Tuli, 172 F.3d at 712.  The Court has subject matter
17   jurisdiction over this action.  Plaintiff's claim for
18   copyright infringement arises under the Copyright Act of
19   1976, 17 U.S.C. § 101 *et seq.*  District courts have
20   original jurisdiction of any civil action "arising under
21   any Act of Congress relating to . . . copyrights."  28
22   U.S.C. § 1338(a).  Therefore, the Court has federal
23   question jurisdiction over this claim under 28 U.S.C. §§
24   1331, 1338(a).

25             b.   *Personal Jurisdiction*
26        Personal jurisdiction is also satisfied.  While
27   Defendant is a limited liability company in New Jersey,
28   specific personal jurisdiction is demonstrated, as

Plaintiff alleges that the copyright infringement giving rise to this action took place in this forum.  See Compl. ¶ 3.

      c.  *Service of Process Is Proper*

Service of process is met because Plaintiff served Defendant with the Summons and Complaint on March 4, 2022, as evidenced by the Proof of Service.  ECF No. 28. Plaintiff served the Summons and Complaint on Defendant's agent's residence, or usual place of abode, with the agent's sister in compliance with Federal Rule of Civil Procedure 4.  Id.; See ECF No. 38.

2.  Procedural Requirements

Plaintiff has met the procedural requirements for default judgment pursuant to Federal Rules of Civil Procedure 55 and Central District Local Rule 55-1. Under Rule 55(a), the Clerk properly entered default against Defendant on May 24, 2022 [38].  Plaintiff moved pursuant to Rule 55(b) for entry of default judgment on September 6, 2022 [42].

Plaintiff has also established the Local Rule 55-1 requirements.  Per the Motion, the Clerk entered default against Defendant on May 24, 2022, as to Defendant; Defendant is neither a minor, nor an incompetent person nor in the military service or otherwise exempted under the Soldier's and Sailor's Civil Relief Act of 1940, the predecessor to the Servicemembers Civil Relief Act; and Defendant was served with the Motion for Default Judgment on September 6, 2022.  ECF No. 43.

1    3.   Eitel Factors

2        Plaintiff has sufficiently set forth the seven

3    Eitel factors: "(1) the possibility of prejudice to the

4    plaintiff; (2) the merits of plaintiff's substantive

5    claims; (3) the sufficiency of the complaint; (4) the

6    sum of money at stake in the action; (5) the possibility

7    of a dispute concerning the material facts; (6) whether

8    the default was due to excusable neglect; and (7) the

9    strong public policy underlying the Federal Rules of

10   Civil Procedure favoring decisions on the merits."

11   Eitel, 782 F.2d at 1471-72.

12        a.   *Risk of Prejudice to Plaintiff*

13        "The first Eitel factor considers whether a

14   plaintiff will suffer prejudice if a default judgment is

15   not entered."  Vogel, 992 F. Supp. 2d at 1007.

16        This factor weighs in favor of granting default

17   judgment.  Defendant neither filed nor requested an

18   extension to submit an opposition.  As such, Defendant

19   has failed to participate in the litigation and, without

20   default judgment, Plaintiff would be unable to halt

21   Defendant's infringement or recoup damages for harm

22   suffered.  IO Grp., Inc. v. Jordon, 708 F. Supp. 2d 989,

23   997 (N.D. Cal. 2010).

24        b.   *Sufficiency of the Complaint and Likelihood*

25             *of Success on the Merits*

26        The second and third Eitel factors consider the

27   merits of the plaintiff's substantive claims and the

28   sufficiency of the complaint.  "Under an [Eitel]

analysis, [these factors] are often analyzed together." Dr. JKL Ltd. V. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). Plaintiff has asserted a meritorious claim for willful copyright infringement.

To plead a viable copyright infringement claim pursuant to 17 U.S.C. § 501, Plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Absent direct evidence of copying, the second prong is satisfied by showing that "the infringer had access to the work and that the two works are substantially similar." Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990). In some cases, "absent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying." Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987).

Plaintiff owns four valid copyrights for the Subject Photographs with the following registration numbers: VA0002251320, VA0002246059, VA0002238659, and TX0004141083. Compl. ¶10. Therefore, the first prong is satisfied.

In addition, Defendant likely copied the Subject Photographs. Plaintiff is an accomplished and critically acclaimed photographer. Id. ¶ 9. Moreover, Defendant marketed the Subject Photographs alongside Plaintiff's name on the website. See, Ex. B.

Additionally, Plaintiff alleges that Defendants willfully copied, reproduced, displayed, and distributed the Subject Photographs without Plaintiff's consent. Id. ¶ 12.  The Subject Photographs appear to be identical copies of Plaintiff's original work.  See Exs. A, B.  Therefore, Defendant clearly had access to the Subject photographs given that the works on the website are strikingly similar to Plaintiff's photographs. Plaintiff has thus adequately pled that Defendants infringed upon his copyright and entry of default is favored.  Dr. JKL Ltd., 749 F. Supp. 2d at 1049.

        c.  *Sum of Money at Stake in the Action*

"Under the [fourth] Eitel factor, the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  The Court will review declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate.  HICA Educ. Loan Corp. v. Warne, No. 11-CV-04287-LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012).

Here, Plaintiff requests $150,000 in statutory damages pursuant to 17 U.S.C. § 504(c); $6,600 in attorneys' fees; and $750.01 in recoverable costs.  Mot. 1:10-13.

The Copyright Act permits a copyright owner to recover "statutory damages for all infringements

involved in the action...in a sum of not less than $750
or more than $30,000 as the court considers just."  17
U.S.C. § 504(c)(1).  However, "[i]n a case where . . .
the court finds . . . that infringement was committed
willfully, the court in its discretion may increase the
award of statutory damages to a sum of not more than
$150,000" for each infringement.  17 U.S.C. § 504(c)(2).

Plaintiff seeks $150,000 in statutory damages for
the two hundred infringed photographs.  The Complaint
sufficiently pleads that Defendant willfully infringed
on the Subject Photographs because Defendant "willfully
copied, reproduced, displayed, and distributed the
Subject Photographs."  Compl. ¶ 12.  The Court
recognizes that Plaintiff did not have the opportunity
to conduct full discovery regarding damages due to
Defendant's default.  As discussed below in this Order,
the requested $150,000 does not outpace the
egregiousness and willfulness of Defendant's conduct,
considering that Defendant infringed on two hundred of
Plaintiff's photographs and marketed the Subject
Photographs on its website alongside Plaintiff's name
and the photographs' original titles.  See Ex. B.  Thus,
this factor weighs towards granting this Motion.

d.  *The Possibility of a Dispute Concerning the*
*Material Facts*

The fifth Eitel factor examines the likelihood of a
dispute between the parties regarding the material facts
in the case.  A defendant is "deemed to have admitted

all well-pleaded factual allegations" in the complaint upon entry of default.  <u>DirecTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 851 (9th Cir. 2007).

This factor weighs towards granting default judgment.  There is a low possibility of dispute as the Complaint aptly demonstrates that the works are substantially similar and that the Subject Photos were distributed and sold by the Defendant.  <u>See generally</u> Compl.  Additionally, due to Defendant's lack of response after default was entered against him, he has failed to dispute any material facts.

e.  *The Possibility of Excusable Neglect*

Excusable neglect considers factors such as "prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  <u>J.L. v. Moreno Valley Unified Sch. Dist.</u>, No. CV 09-1978 ODW (PJWx), 2010 WL 1708839, at *1 (C.D. Cal. Apr. 20, 2010) (internal quotation marks and citations omitted).

Excusable neglect is negligible, as Defendant received the Summons, Complaint, and instant Motion. Defendant failed to either oppose the Motion or request an extension to file an opposition.  Thus, this factor weighs in favor of default.

///

///

1          f.   *Public Policy Favoring Decisions on the*
2               *Merits*

3      The Ninth Circuit has stated that "[c]ases should
4  be decided upon their merits whenever reasonably
5  possible." Eitel, 782 F.2d at 1472.  However, "this
6  preference, standing alone, is not dispositive."
7  PepsiCo, 238 F. Supp. 2d at 1177.  The copyright
8  infringement claim cannot be adjudicated, as Defendant
9  failed to Answer or appear in the action.  While this
10 factor may weigh against entering default judgment, the
11 Court nonetheless will grant the Motion in light of the
12 remaining factors.

13     In total, the Eitel factors weigh towards granting
14 default judgment.

15     4.  Character and Amount of Plaintiff's Recovery
16     Plaintiff requests $150,000 total statutory
17 damages, attorneys' fees totaling $6,600, and $750.01 in
18 recovery costs.  The Court takes up the validity of each
19 request in turn.

20          a.  *Statutory Damages*

21     17 U.S.C. § 504 provides, in relevant part: "an
22 infringer of copyright is liable for either – (1) the
23 copyright owner's actual damages and any additional
24 profits of the infringer . . . or (2) statutory
25 damages."  17 U.S.C. § 504(a).  A "copyright owner may
26 elect . . . to recover . . . an award of statutory
27 damages . . . in a sum of not less than $750 or more
28 than $30,000 as the court considers just."  17 U.S.C. §

504(c)(1).  "In a case where the copyright owner
sustains the burden of proving, and the court finds,
that infringement was committed willfully, the court in
its discretion may increase the award of statutory
damages to a sum of not more than $150,000."  17 U.S.C.
§ 504(c)(2).

In exercising its discretion, "the court can
consider such factors as: "(1) the expenses saved and
the profits reaped; (2) the revenues lost by the
plaintiff; (3) the value of the copyright; (4) the
deterrent effect on others besides the defendant; (5)
whether the defendant's conduct was innocent or willful;
(6) whether a defendant has cooperated in providing
particular records from which to assess the value of the
infringing material produced; and (7) the potential for
discouraging the defendant."  <u>Columbia Pics. Film Prod.</u>
<u>Asia Ltd. V. Uth</u>, CIV S-06-1054 FCD DAD, 2007 WL 36283,
at *3 (E.D. Cal. Jan. 4, 2007).

Plaintiff's proposed statutory damages of $150,000
is a reasonable request.  Plaintiff alleged that it
would have cost Defendant $2500 per photograph to obtain
Plaintiff's work.  Mot. 11:1-3.  Because Defendant sold
at least fourteen of the Subject Photographs, this
accounts for $35,000 in lost revenue.  <u>See</u> <u>id.</u> at 11:3-
5.

"To prove 'willfulness' under the Copyright Act,
the plaintiff must show (1) that the defendant was
actually aware of the infringing activity, or (2) that

1  the defendant's actions were the result of 'reckless
2  disregard' for, or 'willful blindness' to, the copyright
3  holder's rights." Louis Vuitton Malletier, S.A. v.
4  Akanoc Solutions, Inc., 658 F.3d 936, 944 (9th Cir.
5  2011). Here, Defendant's website clearly displayed
6  Plaintiff's name and the works' titles alongside the
7  Subject Photographs. See Compl., Ex. B. The images
8  evidence that Defendant at least should have known that
9  the photos belonged to Plaintiff Michael Kenna.
10  Plaintiff has thus sufficiently pled willful
11  infringement of Plaintiff's copyright. Considering the
12  degree of Defendant's willfulness, $150,000 is
13  reasonable, particularly because Defendant infringed on
14  two hundred of Plaintiff's photographs and Plaintiff
15  lost at least $35,000 in revenue for the fourteen
16  photographs Defendant sold. Mot. 11:1-5. Pursuant to
17  17 U.S.C. § 504(c)(2), the Court does not disturb
18  Plaintiff's request for $150,000 statutory damages.
19      5.  Attorneys' Fees and Costs
20      The court, in its discretion, may award costs and
21  reasonable attorneys' fees to the prevailing party,
22  pursuant to section 505 of the Copyright Act. 17 U.S.C.
23  § 505. Central District Local Rule 55-3 provides a
24  schedule of attorneys' fees applicable to a default
25  judgment if an applicable statute provides for the
26  recovery of attorneys' fees; as previously mentioned, 17
27  U.S.C. § 505 of the Copyright Act allows for attorneys'
28  fees.

1      For judgments over $100,000, like the $150,000 the

2  Court has awarded in statutory damages, the total is

3  "$5,600 plus 2% of the amount over $100,000;" that is,

4  $6,600.  C.D. Cal. R. 55-3.  Additionally, pursuant to

5  17 U.S.C. § 505, the Court grants recovery costs of

6  $750.01.  Id.

7                    III.   CONCLUSION

8      Based on the foregoing, the Court **GRANTS**

9  Plaintiff's Motion for Default Judgment against

10 Defendant for the sole claim of copyright infringement.

11 In sum, Plaintiff has sufficiently pled willful

12 copyright infringement and is awarded $157,350.01:

13 $150,000 in statutory damages under 17 U.S.C. § 504(c);

14 $6,600 in attorneys' fees pursuant to Local Rule 55-3;

15 and $750.01 in costs pursuant to 17 U.S.C. § 505.

16     **IT IS SO ORDERED.**

17

18 DATED: November 15, 2022     /s/Ronald S.W. Lew_____

19                             **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge

20

21

22

23

24

25

26

27

28